IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ-MEJIAS, <br><br> PLAINTIFF, <br><br> V. <br><br> CLAYTON COUNTY PUBLIC SCHOOLS, <br><br> DEFENDANT. | Civil Action No.: <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Juan Rodriguez-Mejias ("Plaintiff") by and through his undersigned counsel, and files his COMPLAINT against Defendant Clayton County Public Schools ("Defendant"), showing the Court as follows:

## PARTIES

1. Plaintiff Juan Rodriguez-Mejias is a male citizen of the United States of America, is and was at all material times a resident of the state of Georgia, and submits himself to the jurisdiction of the Court.

2. Defendant is a public corporate body with the capacity to sue and be sued organized under Georgia law and is a local governmental entity providing public services within the boundaries of the Atlanta Division of the Northern District

1

of Georgia. Defendant may be served by personal service on its Superintendent, Dr. Morcease J. Beasley, 1058 Fifth Avenue, Jonesboro, Georgia 30236.

3. Defendant is a covered employer under Title VII.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has satisfied all administrative prerequisites to perfect his claim of retaliation under Title VII. Specifically, he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff has now received the Notice of Right to Sue for his claims under Title VII within the last ninety (90) days. *See* **Exhibit A,** *Notice of Right to Sue.*

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with Defendant on July 27, 2020 as a world language teacher teaching Spanish at Riverdale Middle School.

9. Plaintiff is from Puerto Rico.

10. During Plaintiff's employment with Defendant he reported directly to Dr. Prince T. Bowie, Principal of Riverdale Middle School.

11. On or about October 2021, Plaintiff began to notice that Dr. Bowie was treating him differently than his co-workers and appeared to harbor animus towards him because of his race (White), accent, and where he was from, Puerto Rico.

12. On one occasion on or about October 1, 2021, Plaintiff was discussing an issue he had with his teaching certificate and Principal Bowie became extremely agitated and told him to "blame it on Puerto Rico."

13. On or about April 7, 2021, Plaintiff submitted a grievance to the Clayton County Board of Education stating that he was experiencing harassment, retaliation, and discrimination based on the fact that he is from Puerto Rico.

14. Previously, Dr. Bowie made it known that he was aware of grievances Plaintiff had filed.

15. On April 11, 2021, Plaintiff resigned his employment due to Dr. Bowie's treatment of him.

16. On or about April 19, 2021, Plaintiff received a performance review that was unjustified and contained untruthful statements.

17. On or about April 23, 2021, Plaintiff submitted a memorandum to Dr. Bowie regarding his performance evaluation dated April 19, 2021. In that memorandum, Plaintiff stated that the evaluation score was significantly lower than he deserved and further expressed that he believed the score was linked to his Spanish accent and the fact that he is from another country.

18. Following Plaintiff's protected activities, Dr. Bowie's hostility towards Plaintiff increased dramatically to the point where he was constantly scrutinizing and criticizing Plaintiff for his teaching method, micromanaging every aspect of his job including popping into his virtual classrooms unannounced in order to harass Plaintiff (one day Dr. Bowie popped into every single one of Plaintiff's virtual classrooms which is unheard of), giving him unwarranted discipline, and physically blocking the door to prevent Plaintiff from entering the building following Plaintiff's trip to Puerto Rico.

19. For example, between Plaintiff's April 7, 2021 grievance and his last day worked on May 28, 2021, Plaintiff received three disciplinary actions and a poor performance review during that two-month time period.

20. Notably, Plaintiff had already resigned his employment at the time he received those three disciplinary actions further demonstrating the retaliatory motive associated with issuing those disciplinary actions.

21. One of the disciplinary actions, issued on May 12, 2021, was issued to Dr. Rodriguez for telling his students that he was experiencing anxiety.

22. Specifically, the disciplinary action states, "During your personal phone call, you said words that should not have been exposed to students as they were personal in nature and had absolutely nothing to do with you teaching Spanish. You said, 'I have anxiety', 'I am shaking right now.'"

23. Although Dr. Bowie claims that students should not be exposed to "words" that are "personal in nature" including the fact that Dr. Bowie has anxiety—this stigma on mental illness is a huge problem in school, work, and throughout society—and one that should be taught and spoken freely about in school.

24. Additionally, at the end of April 2021, Plaintiff requested to travel back to Puerto Rico to receive his second COVID-19 vaccine as he had received his first vaccine dose in Puerto Rico and at the time, the CDC was strongly recommending that individuals receive their second COVID-19 vaccine on time (i.e. within a certain period of time after receiving their first vaccine) and at the same location where they received their first vaccine dose.

25. Dr. Bowie very aggressively told Plaintiff that his request to travel back to Puerto Rico was denied.

26.     Although Dr. Bowie told Plaintiff that the request was not approved because it was GMAS testing (state mandated), Plaintiff had scheduled his appointment to receive the second vaccine prior to Dr. Bowie notifying him that these were blackout dates and more importantly, Plaintiff was not scheduled to assist with any aspect of GMAS testing.

27.     Upon Plaintiff's return from Puerto Rico to receive his second COVID-19 shot, there was some confusion over how long he had to quarantine for because although Defendant considered his trip out of the country which meant he had to quarantine for five days, given that Puerto Rico is part of the United States, it should not have been considered travel out of the country.

28.     When Plaintiff returned back to work after his trip with what he thought were the necessary COVID-19 tests and doctor's release, Dr. Bowie in a completely unprofessional manner used his entire body to block the door and not let Plaintiff into the building.

29.     Plaintiff had sick leave docked from his pay for the days he was erroneously told to stay at home and quarantine due to his alleged traveling out of the country.

## COUNT I
## RETALIATORY HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT
## OF 1964, 42 U.S.C. § 2000e *et seq.*

30.   Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

31.   At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by Title VII.

32.   At all relevant times, Defendant was an "employer" as that term is defined by Title VII.

33.   Plaintiff engaged in protected activity by complaining about discrimination based on his race and national origin.

34.   Dr. Bowie knew about the protected activities.

35.   Following Plaintiff's protected activities, Dr. Bowie's hostility towards Plaintiff increased dramatically to the point where he was constantly scrutinizing and criticizing Plaintiff for his teaching method, micromanaging every aspect of his job including popping into his virtual classrooms unannounced in order to harass Plaintiff (one day Dr. Bowie popped into every single one of Dr. Rodriguez's classrooms which is unheard of), giving him unwarranted discipline, and physically blocking the door to prevent Plaintiff from entering the building following Plaintiff's trip to Puerto Rico.

36. For example, between Plaintiff's April 7, 2021 grievance and his last day worked on May 28, 2021, Plaintiff received three disciplinary actions and a poor performance review during that two-month time period.

37. Notably, Plaintiff had already resigned his employment at the time these disciplinary actions were issued.

38. Plaintiff has experienced a hostile work environment in retaliation for his protected activities.

39. Defendant engaged in retaliatory practices intentionally and/or with malice and/or reckless indifference to Plaintiff's rights.

40. These adverse employment actions have caused Plaintiff to suffer damages in the form of loss of future earning capacity in that his credentials as a teacher have been besmirched. Additionally, Plaintiff has suffered lost benefits of employment, emotional distress, mental anguish, humiliation, and pain and suffering.

**WHEREFORE,** the Plaintiff demands that a trial by jury be had on all Counts of his Complaint and that the following such judgment be entered on his behalf against Defendant granting the following relief:

(a) that Defendant be Ordered to make Plaintiff whole by providing for his out-of-pocket losses including any back pay in an amount equal to the sum of any

wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in amounts to be determined at the trial;

(b) that front pay be awarded as the employment relationship has been so severely damaged that the relationship is unsalvageable;

(c) that compensatory damages be awarded against Defendant to compensate Plaintiff for his mental and emotional distress, anxiety, humiliation, outrage, and loss of professional and personal reputation as a consequence of Defendant's actions in an amount to be determined at the trial;

(d) that punitive damages be awarded against Defendant in an amount to be determined at trial to deter Defendant and others from similar misconduct in the future;

(e) that Plaintiff be granted attorney's fees and expenses of litigation pursuant to O.C.G.A. §§ 45-1-4(f) and 13-6-11;

(f) appropriate declaratory and injunctive relief;

(g) that pre-judgment and post-judgment interest be awarded; and

(h) that Plaintiff be granted such other and further additional relief as the jury deems equitable and just.

Respectfully submitted, this 19th day of September, 2022.

*s/ Jackie Lee*
Jackie Lee
Georgia Bar No. 419196
jackie@leelawga.com
LEE LAW FIRM, LLC
695 Pylant Street NE, Suite 105
Atlanta, Georgia 30306
Telephone: (404) 301-8973

**COUNSEL FOR PLAINTIFF**